IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN KAAGE,

                        Plaintiff,

  v.                                                         OPINION and ORDER

OAKWOOD LUTHERAN SENIOR MINISTRIES,
INC. and OAKWOOD VILLAGE UNIVERSITY                21-cv-796-jdp
WOODS HOMES, INC.,

                        Defendants.

---

      Plaintiff John Kaage worked for several years as a dining services director for a retirement community owned by defendants Oakwood Lutheran Senior Ministries, Inc. and Oakwood Village University Woods Homes, Inc. In 2020, defendants eliminated Kaage's position and placed him in a newly created position called the dining director of purchasing. The following year, when Kaage was 59, defendants eliminated that position too and declined to transfer him to another vacant position. Kaage contends that defendants discriminated against him because of his age, in violation of the Age Discrimination in Employment Act (ADEA). Defendants move for summary judgment, Dkt. 20, and the court will grant the motion because Kaage has failed to present evidence that would allow a reasonable juror to find that defendants violated the ADEA.

BACKGROUND

The following facts are undisputed, unless otherwise noted.

Defendants own and operate Oakwood Village University Woods and Oakwood Village Prairie Ridge, two continuing care communities for adults 55 and older. In 2014, Kaage started working as the dining services director at University Woods.[1]

In 2020, defendants decided to eliminate the dining services director position at both University Woods and Prairie Ridge, and they created a director of dining position to oversee both communities. Kaage did not submit an application for the new position. Defendants hired Jeff Orr, an external candidate. Because Kaage's position had been eliminated, defendants transferred him to a new position called the dining director of purchasing, which was supervised by Orr. The dining services director at Prairie Ridge resigned and was not replaced.

As dining director of purchasing, Kaage's responsibilities included purchasing, negotiations with vendors, financial reporting, inventory, and invoice processing. Kaage's new position job paid the same salary as Kaage's previous position, but Kaage no longer had employees reporting to him.

Orr was terminated in May 2021. Kaage told Hackel that he was interested in Orr's position, but the parties do not say how Hackel responded.

The parties dispute whether defendants posted the position. Defendants say that they posted the position on their own website and on LinkedIn; Kaage says that he looked for the

---

[1] Defendants say in their opening brief and their proposed findings of fact that Oakwood Lutheran did not employ Kaage. Dkt. 21, at 3 and Dkt. 31, ¶ 8. But defendants don't seek dismissal of Oakwood Lutheran on that ground, so the court will assume for the purpose of defendants' summary judgment motion that both defendants qualify as Kaage's employer under the ADEA.

posting on defendants' website, but he didn't see it. Both sides rely solely on their own testimony.

Kaage didn't submit an application for Orr's position. Defendants hired an external candidate, John Williams, who was 53 years old at the time. Kaage was 59.

After Williams was hired, he began asking Kaage and the executive chefs about the nature of Kaage's job duties. In August 2021, Williams informed Kaage that the dining director of purchasing position was being eliminated, and he was being terminated. Kaage asked to be placed in another position, but defendants denied that request.

The court will discuss additional facts as they become relevant to the analysis.

ANALYSIS

The ADEA prohibits employers from discriminating against an employee "because of" the employee's age, if the employee is older than 40. 29 U.S.C. § 623(a)(1). This requires the plaintiff to prove that the discrimination would not have occurred but for the employee's age. *Fleishman v. Continental Cas. Co.*, 698 F.3d 598, 603–04 (7th Cir. 2012); *Martino v. MCI Communications Services, Inc.*, 574 F.3d 447, 455 (7th Cir. 2009).

In this case, Kaage does not contend that defendants discriminated against him because of his age when they eliminated his dining services director position in 2020 or when they failed to hire him for the newly created director of dining of position later that year. Instead, Kaage challenges two adverse actions: (1) the failure to hire him for the director of dining position when the position became vacant in 2021; and (2) terminating him. Kaage's challenge to his termination is actually about two separate decisions: (1) eliminating his position as

dining director of purchasing; and (2) failing to transfer him to an available position instead of terminating him.[2] The court will consider each of the decisions separately.

The general question in any discrimination case is whether a reasonable jury could find that the defendant treated the plaintiff adversely because of a protected characteristic, in this case, Kaage's age. *See Lewis v. Indiana Wesleyan University*, 36 F.4th 755, 760 (7th Cir. 2022). In arguing that defendants aren't entitled to summary judgment, Kaage relies solely on the burden-shifting framework introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under that framework, the plaintiff must present evidence on the elements of a prima facie case, which vary slightly depending on the type of claim the plaintiff is asserting. The burden then shifts to the employer to present evidence on its reason for taking the adverse action. Finally, the plaintiff must show that the employer's reason is a pretext for discrimination. *See Lewis,* 36 F.4th at 759–60.

A. **Failure to hire**

Kaage's first claim is that defendants discriminated against him when they failed to give him the director of dining position when it became vacant in 2021. He says that he satisfies the prima facie case because he was older than 40, he was qualified for the position, and the

---

[2] Defendants say in their reply brief that Kaage didn't raise a claim for failing to transfer or reassign him in 2021. Dkt. 35, at 9. Kaage didn't include a separate count for that legal theory in his complaint, but he did allege that he asked defendants to consider him for different positions, and they refused to do so. Dkt. 1, ¶ 56. He included that allegation in the section of his complaint alleging that he was terminated because of his age. *Id.*, ¶¶ 54–61. That was enough to provide defendants with fair notice of the claim, even if Kaage didn't expressly label the claim as a "failure to transfer" or "failure to reassign." *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014).

position went to someone younger than he was. Dkt. 25, at 14 (citing *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir. 1995)).

A threshold problem is that Kaage didn't submit an application for the position, which generally defeats a failure-to-hire claim. *See Jaburek v. Foxx*, 813 F.3d 626, 631–32 (7th Cir. 2016). In his complaint, Kaage alleges that he didn't formally apply because defendants "prohibited" him from applying for the position. Dkt. 1, ¶¶ 49, 51. But he drops that allegation in his summary judgment brief, replacing it with an allegation that he "informally" applied for the position by telling a high-ranking officer that he was interested in the position. That would be sufficient if Kaage had evidence that defendants accepted informal applications from others, *see Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 523 (7th Cir. 1994), but Kaage cites no such evidence.

Alternatively, Kaage says that there's a fact dispute about whether defendants posted the position because Kaage says that he didn't see the positing on defendants' website, which was one of the places that defendants say the posted the position. A prospective applicant can't be expected to apply for a position if the employer doesn't provide a mechanism for him to do so. *See id.* But Kaage hasn't submitted evidence of that. Rather, he says that he didn't see the posting in one place where defendants say they put it. He doesn't say that he asked anyone how to formally apply for the position (even though he knew the position was available), and he doesn't present evidence that defendants hired Williams through a secretive process.

Even if Kaage didn't have an opportunity to apply for the position, he'd still have to present evidence that he was denied the opportunity because of his age and that he was more qualified for the job than the candidate defendants hired. *See Hobbs v. City of Chicago,* 573 F.3d 454, 461 (7th Cir. 2009). Kaage hasn't done that. Kaage says that it is reasonable to infer age

5

discrimination because Williams is younger than he is. But at the time defendants hired Williams, he was 53 and Kaage was 59. On its own, a six-year age difference doesn't support an age discrimination claim. *See Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 892–93 (7th Cir. 1997). When the age difference is less than 10 years, "the plaintiff still may present a triable claim if she directs the court to evidence that her employer considered her age to be significant." *Id.* But Kaage presents no evidence that defendants considered his age to be significant. He also doesn't explain why he was more qualified than Williams. *See Hobbs*, 573 F.3d at 461 (in cases in which the plaintiff was unable to apply for a position, plaintiff can satisfy his prima facie case with evidence that he was more qualified than the applicant who was hired). So defendants are entitled to summary judgment on this claim.

## B.  Elimination of position

Kaage's second claim is that defendants eliminated his dining director of purchasing position in 2021 because of his age. When only one position is eliminated, courts refer to this as a "mini reduction in force." *See, e.g.*, *Lewis*, 36 F.4th at 759–60; *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 775 (7th Cir. 2012); *Filar v. Board of Educ. of City of Chicago*, 526 F.3d 1054, 1060–61 (7th Cir. 2008). In that situation, the plaintiff satisfies his prima facie case with evidence that he is older than 40, he was meeting his employer's "legitimate expectations," he suffered an adverse employment action, and his job was absorbed by substantially younger workers. *See Lewis*, 36 F.4th at 759–60; *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 321 (7th Cir. 2003).

The court will assume that Kaage can satisfy his prima facie case. Defendants point to perceived deficiencies in his Kaage's work performance, including that he was on a performance improvement plan in 2020. *See* Dkt. 31, ¶¶ 73–79.  But defendants don't contend that they

6

eliminated his position because of those perceived deficiencies. Neither side has presented clear evidence regarding who absorbed Kaage's job duties, but defendants admit that some of his duties were absorbed by Travis Hinkes (the executive chef), who was 31 years old, and by Brenda Reals (the culinary coordinator), who was 45 years old. Defendants say that Reals is in "the same protected class" as Kaage because she is older than 40, Dkt. 32, ¶ 20, but "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Both Hinkes and Reals are more than 10 years younger than Kaage, so they qualify as substantially younger.

This claim still fails because defendants have articulated a nondiscriminatory reason for eliminating Kaage's position, and Kaage hasn't presented evidence that the reason is pretextual. Williams testified that he made the decision to eliminate Kaage's position because "there was no need for the position to even be in existence." Dkt. 29, at 44:8–13. Specifically, Williams said that he had never heard of a similar position and Kaage's responsibilities overlapped substantially with other employees, including Williams's own. *Id.* at 40:8–41:1 and 43:9–17. Further, Williams planned to automate Kaage's invoicing responsibilities through the use of electronic transfers. *Id.* at 40:22–41:5. This testimony is consistent with other undisputed evidence that no one had held the dining director of purchasing position before Kaage, and the position was created only when defendants eliminated Kaage's dining services director position, which supports a view that Kaage's position wasn't needed.

Kaage says that the decision to eliminate his position is suspicious for four reasons, but none of those reasons are persuasive. First, he says that defendants eliminated the position less

7

than a year after they created it. Kaage doesn't explain why that decision is evidence of pretext rather than evidence that the decision to create the position was a mistake. When Williams became the director of dining in 2021, he was entitled to evaluate the needs of defendants' facilities for himself.

Second, Kaage says that defendants eliminated the position at a time when defendants were experiencing staffing shortages. But Kaage doesn't cite evidence of a staffing shortage, much less connect a shortage to the responsibilities that Kaage had.

Third, Kaage says that Williams decided that Kaage's position was unnecessary based on limited information. But Kaage admits that Williams relied on conversations that he had with Kaage himself, and Kaage doesn't explain why Williams would need to talk to anyone other than Kaage to determine what Kaage's responsibilities were.

Fourth, Kaage says that some of Kaage's responsibilities were given to the culinary coordinator, a newly created position, showing that his position wasn't redundant. This argument fails because Kaage doesn't identify what responsibilities the culinary coordinator received. The only responsibility that defendants identify is invoicing. Dkt. 22-7, at 6. That's not helpful for Kaage because the culinary coordinator was responsible for invoicing only for a few months, until all vendors accounts were moved to a system of electronic funds transfers. Dkt. 32, ¶¶ 71–72. That's consistent with Williams's testimony that defendants didn't need Kaage to perform invoicing.

Kaage hasn't presented evidence that defendants eliminated his position because of his age or that their asserted reason for eliminating his position is pretextual. So defendants are entitled to summary judgment on this claim as well.

C. **Failure to reassign**

Kaage points to four positions that were open at the time he was terminated: cook, dietary aide, culinary coordinator, and dining room assistant. He contends that defendants declined to offer him one of those positions rather than terminate him because of his age.

Defendants contend that this claim fails because Kaage didn't apply for any of these positions. But Kaage says in his declaration that he asked defendants to consider him for other open positions at the time he was terminated, and they refused. Dkt. 26, ¶ 19. Defendants also admit that Kaage's termination papers stated that he wasn't eligible for rehire. Dkt. 22, ¶ 73. So Kaage's failure to apply for any of the positions doesn't bar the claim. *See Loyd*, 25 F.3d at 523.

But the claim fails for other reasons. First, Kaage conceded in his deposition that he wouldn't have accepted positions as a cook or dietary aide at the wages defendants paid those positions, Dkt. 23-1, at 262:15–263:15, so there is no causal connection between defendants' failure to offer Kaage those positions and any harm to Kaage. *See Loyd*, 25 F.3d at 523 (in a case involving a plaintiff who didn't formally apply for a job, plaintiff must show that "had the employer approached her, she would have accepted the offered position"). Second, Kaage has presented no evidence showing why he was a better candidate than the individuals who were hired for the available jobs, and he doesn't identify the ages of the people hired for those jobs, with the exception of the culinary coordinator. *See Hobbs*, 573 F.3d at 461 (in a case involving a plaintiff who didn't formally apply for a job, "[t]he employee must still meet the fourth prong of the prima facie case and prove her superior qualifications").

Third, Williams explained in his deposition that Kaage was overqualified for the culinary coordinator position. Dkt. 29, at 44:23–45:3. The coordinator is a "lower role" whose

9

primary responsibility is simply to "push out information to the residents." *Id.* at 44:14–24 and 47:1–4. Kaage earned an annual salary of nearly $100,000, but the coordinator position earns $22 an hour, less than half of Kaage's effective hourly rate. *Id.* at 47:11–13; Dkt. 23 (Kaage Dep. 105:8–16). Under these circumstances, it isn't surprising that defendants didn't offer Kaage one of the available positions. Kaage cites no evidence that defendants offered jobs to younger employees who were obviously overqualified for a position, and he cites no other evidence of pretext.

The bottom line is that no reasonable jury could find that defendants discriminated against Kaage because of his age. Defendants are entitled to summary judgment.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Oakwood Lutheran Senior Ministries, Inc. and Oakwood Village University Woods Homes, Inc., Dkt. 20, is GRANTED. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered January 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge